IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01299-WYD-CBS

ROBIN HUMPHREYS;
GINA WHEELER;
TAMARA R. HOLDEN;
DAWN HUDRAN;
BRENDA LOPEZ; and
DAVID KORBITZ,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY;
ANTOINETTE HOLLAND; and
MARCELLA R. SANDOVAL,

    Defendants.

## ORDER OF REMAND

    THIS MATTER is before the Court on the Notice of Removal (docket #1), filed June 19, 2008. By way of background, this case arises from multiple motor vehicle accidents where the Plaintiffs allegedly received physical injuries entitling them to benefits under the Colorado Auto Accident Reparations Act. Each Plaintiff filed Personal Injury Protection claims with American Family Mutual Insurance Company.

    On June 19, 2008, the Defendants filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Defendants asserted therein that the amount in controversy requirement was satisfied. Further, Defendants asserted that while Plaintiffs are residents of the State of Colorado, American Family

Mutual Insurance Company is a citizen of the State of Wisconsin. The Defendants also conceded that Defendants Sandoval and Holland are citizens of the State of Colorado, but argued that they were fraudulently joined in order to defeat diversity jurisdiction.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied.[1] The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal fails to allege any specific amount of damages. Instead, the notice merely states that the

> Plaintiffs assert a claim for statutory PIP breach of contract under § 10-4-708, C.R.S. (2002). Under the § 10-4-108 claim, plaintiffs assert that PIP

---

[1] In light of my finding that the amount in controversy has not been satisfied, I need not address the issue of whether Defendants Sandoval and Holland were fraudulently joined.

> benefits in excess of basic PIP benefits were wilfully and wantonly not paid
> in a timely manner . . ., and plaintiffs seek to recover, under § 10-4-108,
> treble the amount of PIP benefits not paid in a timely manner, plus 18%
> interest on untimely paid benefits. While not capable of a precise
> calculation at this phase of the proceeding, this component of damages
> under § 10-4-708, C.R.S. (2002), must be factored into evaluating the
> amount sought by plaintiffs.

(Notice of Removal ¶ 25.)

The notice of removal also references the civil cover sheet filed in state court contemporaneously with the complaint which represents that the "plaintiffs . . . are seeking a monetary judgment for more than $100,000.00, exclusive of interest and costs." (Notice of Removal ¶ 29.) A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.*, Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

I find that the notice of removal's vague statements in connection with the amount in controversy and the reference therein to the civil cover sheet filed in state court are not sufficient to establish that the jurisdictional amount is satisfied. The amount in controversy has not been affirmatively established on the face of either the petition or the notice of removal as required by 28 U.S.C. § 1332(a)(1). Guided by the

strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Eagle, Colorado from which the case was removed.

Dated: July 15, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge